UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMMY GRIFFITH & STACEY GUICHARD | CIVIL ACTION |
| VERSUS | NO: 11-245 C/W 11-535 |
| CITY OF NEW ORLEANS, ET AL. | SECTION: "A" (1) |

## ORDER AND REASONS
### [REF: All cases]

The following motions are before the Court: **Motion to Dismiss (Rec. Doc. 358)** filed by the State of Louisiana and Orleans Parish Juvenile Court; **Motion to Dismiss (Rec. Doc. 359)** filed by Judge Mark Doherty; **Motion to Dismiss (Rec. Doc. 360)** filed by Chief Judge Ernestine Gray, Judge Tracey Flemings-Davillier, Judge Lawrence Lagarde, Jr., Judge Tammy Stewart, and Judge Candice Bater Anderson; **Motion to Dismiss (Rec. Doc. 361)** filed by David Bell. Plaintiffs Tammy Griffith and Stacey Guichard have filed responses to the motions. The motions, scheduled for submission on August 28, 2013, are before the Court on the briefs without oral argument.[1]

## I.    Background

This case arises out of allegations of gender-based discrimination and harassment by former Orleans Parish Juvenile Court ("OPJC") Judge David Bell, and other alleged retaliatory conduct by the other judges on the court.

Following significant motion practice during the course of the litigation, the Court summed up the remaining claims going forward as follows:

---

[1] David Bell has requested oral argument but the Court is not persuaded that oral argument would be helpful in light of the issues presented.

> [A]ll claims against the City of New Orleans remain dismissed. The Title VII claims against the State of Louisiana, the OPJC, as an agency of the State of Louisiana, and the judges of the OPJC in their *official* capacities are reinstated. Those Title VII claims are for retaliatory discharge (Griffith), constructive discharge (Guichard), and hostile work environment grounded on gender discrimination and harassment (Griffith and Guichard). The § 1983 claim for violations of equal protection are reinstated against David Bell in his individual capacity. The foregoing claims are the only claims pending in this action notwithstanding anything else that Plaintiffs have included in the Second Amended complaint.

(Rec. Doc. 353 at 14).

In the same Order and Reasons the Court granted Plaintiffs leave to file a Second Amended Complaint for the sole purpose of clarifying the Title VII employer issue and expressly alleging that their parallel § 1983 claims were based on equal protection. (*Id.* at 12). The Court cautioned, however, that in light of the length of the amended complaint the Court was not implicitly ensuring the defendants that other "new" claims were not alleged. (*Id.* at 12 n.10). Defendants have now responded with the instant motions to dismiss. This matter is scheduled to be tried to a jury on June 16, 2014. (Rec. Doc. 355).

## II.  Discussion

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (*citing Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (*citing Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627

2

F.3d 540, 544 (5th Cir. 2010) (*quoting Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (*quoting Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (*quoting Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (*quoting Iqbal*, 129 S. Ct. at 1950).

### Motion to Dismiss (Rec. Doc. 358)

Relying upon sovereign immunity, the State of Louisiana and OPJC move to dismiss all state law and § 1983 claims against them that are asserted in the Second Amended Complaint.

To the extent that any of the allegations in the Second Amended Complaint could be interpreted as an attempt to resurrect these previously-dismissed claims, the motion is granted.

### Motions to Dismiss (Rec. Docs. 359 & 360)

The only pending claims against the judges of the OPJC are Plaintiffs' Title VII claims, which are asserted against the judges in their official capacities only. The judges argue that under Fifth Circuit law Plaintiffs cannot pursue a Title VII claim against both their employer and an agent for that employer. Given then that Plaintiffs are proceeding against the State/OPJC as employer, they cannot proceed simultaneously against the judges in their official capacities.

Plaintiffs do not dispute this issue of law. Therefore, the motions to dismiss filed by

the judges of the OPJC are granted. The Title VII claims against the judges in their official capacities are dismissed. Further, all other claims, both state and federal, against the judges remain dismissed.

### Motion to Dismiss (Rec. Doc. 361)

David Bell moves to dismiss all claims asserted against him in the Second Amended Complaint ("SAC"). Alternatively, Bell moves to strike any immaterial, impertinent, or scandalous matter from the SAC.

The sole claim pending against Bell is the § 1983 claim asserted against him in his individual capacity for a Fourteenth Amendment equal protection violation.[2] This claim is based on the allegation that Bell personally harassed Plaintiffs in a manner that altered their conditions of employment and for reasons solely attributable to their gender.

Bell's first argument is that neither plaintiff, but particularly Guichard, alleges facts sufficient to constitute the level of harassment necessary to objectively conclude that the harassment affected a term, condition, or privilege of employment. According to Bell, the conduct alleged was not severe or pervasive enough to alter the conditions of employment for either plaintiff.

The Court recognizes that Plaintiffs may have a difficult time in meeting their steep burden of proof on the harassment claims against Bell because the law does require "severe" conduct. But the conduct alleged, which the Court accepts as true, is objectively offensive, and while Bell questions the pervasiveness of the conduct, it is clear that this case is not

---

[2] Bell correctly notes that the Court has effectively dismissed any part of the SAC not consistent with the June 10, 2013 Order and Reasons (Rec. Doc. 353). (Rec. Doc. 361-1 at 3). This assertion is correct as to all of the defendants. Moreover, Plaintiffs are precluded from pursuing a Title VII claim against Bell in his official capacity for the same reason that they cannot pursue a Title VII official capacity claim against the other judges of the OPJC. Thus, the § 1983 equal protection claim is the sole claim pending against Bell.

based on a one-time occurrence of lewd behavior in the workplace. The motion is DENIED insofar as Bell challenges the sufficiency of the allegations.

Bell also moves for dismissal of the § 1983 claim based on prescription. Bell points out that § 1983 claims asserted in Louisiana are subject to a one-year statute of limitations. The original complaints were filed on February 7, 2011 (Griffith) and March 8, 2011 (Guichard) so Bell contends that any claims that arose prior to one year before the complaints were filed are untimely. Bell challenges the timeliness of the equal protection claim because it was first asserted in SAC, which was filed on June 10, 2013.

Plaintiffs' position is that Bell repeatedly subjected them to unwanted sexual harassment from the time that their employment commenced at OPJC until the time that he left the bench on June 17, 2010. (Rec. D0c. 365-1 at 4). Plaintiffs contend that the continuing tort doctrine applies in this case.

Federal courts apply the forum state's statute of limitations for § 1983 actions and the forum state's tolling principles. *Walker v. Epps*, 550 F.3d 407, 415 (5th Cir 2008) (*citing Hardin v. Straub*, 490 U.S. 536 (1989); *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992)). When damaging conduct is of a continuous nature, prescription does not begin to run until the date of the last harmful act. *Hunter v. Tensas Nursing Home*, 743 So. 2d 839, 842 (La. App. 2d Cir. 1999) (*citing So. Cent. Bell v. Texaco*, 418 So. 2d 531 (La. 1982)). The continuing tort doctrine requires not only that the tortious conduct be of a continuous nature, but also that it give rise to successive damages from day to day. *Id.* (*citing Crosby v. Keys*, 590 So. 2d 601 (La. App. 2d Cir. 1991)). Courts typically find torts to be continuous in nature where each individual act would not necessarily give rise to a cause of action but the cumulative effect of regularly occurring or continuous actions results in successive damages from day to day. *Id.*

In *Huckabay v. Moore*, 142 F.3d 233 (5th Cir. 1998), the Fifth Circuit held that a hostile workplace claim was subject to the continuing violation doctrine. The court was moved by the fact that the ongoing harassment was of the same nature (racial), was continual, and was allegedly a permanent condition of that plaintiff's workplace. *Id.* at 239.

Plaintiffs make the same allegations in this case with respect to Bell's conduct. Under the continuing tort doctrine, Bell is not entitled to dismissal based on prescription simply because some of the conduct that forms part of the alleged continuous pattern of harassment occurred more than a year before the original complaint was filed. Bell left the OPJC in June 2010, which would be the earliest that the harassment would have ended. Griffith filed her original complaint in February 2011, and Guichard filed hers in March 2011, well within a year of Bell's departure from OPJC.

Bell argues that the § 1983 equal protection claim asserted against him personally was not brought until the SAC was filed on June 10, 2013 even though it involves conduct that ended no later than mid-2010. An amended complaint may "relate back" to an original complaint for statute of limitations purposes. *Sanders-Burns v. City of Plano*, 594 F.3d 366, 372 (5th Cir. 2010). Whether an amended complaint relates back to an original complaint is governed by Rule 15(c) of the Federal Rules of Civil Procedure. The core concern with relation back is adequacy of notice. *Id.* at 377.

Notice is not an issue because Bell was named as a defendant in the original complaint. The amendment asserts a claim arising out of the same conduct, transaction, or occurrence that was set out in the original complaint. Fed. R. Civ. Pro. 15(c)(1)(B). Bell will not be prejudiced in defending the equal protection claim on the merits. *Id.* § 15(c)(1)(C)(I). The SAC relates back to the date of the filing of the original complaint.

Bell suggests that qualified immunity may be a basis for dismissal based on the

pleadings. (Rec. Doc. 361-41 at 16). The right to be free from workplace harassment based on gender was clearly established when Plaintiffs worked with Bell, and on the facts alleged, Bell is not entitled to dismissal based on qualified immunity.

Finally, Bell moves the Court to strike allegations from the SAC that he contends are mere ad hominem attacks against him. The request is denied.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 358)** filed by the State of Louisiana and Orleans Parish Juvenile Court is **GRANTED** as explained above;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Rec. Doc. 359)** filed by Judge Mark Doherty is **GRANTED** as explained above;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Rec. Doc. 360)** filed by Chief Judge Ernestine Gray, Judge Tracey Flemings-Davillier, Judge Lawrence Lagarde, Jr., Judge Tammy Stewart, and Judge Candice Bater Anderson is **GRANTED** as explained above;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Rec. Doc. 361)** filed by David Bell is **DENIED**.

October 9, 2013

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE