UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TAMMY GRIFFITH**                                        **CIVIL ACTION**

**VERSUS**                                                **NO. 11-245-JCZ-SS**
                                                          **c/w 11-535**

**STATE OF LOUISIANA, et al**

PLAINTIFF'S MOTION TO COMPEL (Rec. doc 399)

**DENIED**

The plaintiffs, Tammy Griffith and Stacey Guichard, seek an order compelling two of the defendants, the State of Louisiana and the Orleans Parish Juvenile Court ("Juvenile Court"), to respond to three of plaintiffs' requests for production of documents (Nos. 7, 8 and 9). Plaintiffs also seek sanctions. The requests concern the auto body program and David Honore. The defendants describe this as a Youth Works program which began during the tenure of David Bell as Chief Judge of Juvenile Court. A troubled youth could learn a trade in the automotive field. David Honore was an employee of the auto body component of the Youth Works program. Rec. doc. 409 at 6.

The three requests seek: (no. 7) cancelled checks for all stipends paid to juveniles in the program for January 2008 through December 2010; (no. 8) the sign-in and/or timesheets for the program for the same period; and (no. 9) the cashed payroll checks for David Honore for the term of his employment with Juvenile Court. Rec. doc. 399 (Memorandum at 2-3).

The only issue is whether the information sought in the three requests is relevant. The plaintiffs contend it is relevant because it goes to the heart of the credibility of all of the Juvenile Court judges. They cite David Bell's testimony that: (1) plaintiffs could get the logs (sign-in and/or time sheets) for the program; (2) Griffith cut the checks for the youths in the program; and (3) Bell's signature appeared on David Honore's time sheets because Judge Lagarde asked him

to sign the time sheets because he (Judge Lagarde) was not familiar with the time. They also cite Judge Mark Doherty's testimony that: (1) the Chief Judge of Juvenile Court had knowledge of Juvenile Court payroll matters because the Chief Judge was the first person to sign for payroll and vendors and another judge would sign as the second signature; (2) Griffith was terminated because of an inaccuracy in a financial statement she prepared; and (3) the judges lost confidence in her because she was unable to prepare the document accurately.

The plaintiffs contend that the reasons the judges gave for their constructive discharges and terminations were a pre-text for retaliating against them for filing EEOC complaints, in light of their intimate knowledge of wide-ranging improprieties at Juvenile Court, including David Bell's sexual harassment of them. Rec. doc. 399 (Memorandum at 5-7).

The defendants respond that: (1) plaintiffs failed to exhaust their administrative remedies regarding claims of retaliatory discharge because of their knowledge of wide-ranging improprieties at Juvenile Court; (2) persons alleging workplace discrimination must exhaust their administrative remedies before they may sue under Title VII; and (3) issues that were not raised before the EEOC cannot be considered by the district court.

The parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed R. Civ. P. 26 (b)(1). "(T)he determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. Rule Civ. P. 26(b)(1) Advisory Committee's Note, 2000 amendments. Under Fed. R. Civ. P. 26(b)(1) the court must focus on the claims and defenses involved in the action. Id. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

2

The District Judge's order of October 10, 2013 describes the plaintiffs' remaining claims. There is a Section 1983 claim against David Bell in his individual capacity for a Fourteenth Amendment equal protection violation based on the allegation that Bell personally harassed plaintiffs in a manner that altered their conditions of employment and for reasons solely attributable to their gender. Rec. doc. 384 at 4. There are Title VII claims against the State of Louisiana and Juvenile Court for retaliatory discharge (Griffith), constructive discharge (Guichard), and hostile work environment grounded on gender discrimination and harassment (Griffith and Guichard). Rec. doc. 384 at 2-4.

Plaintiffs contend that during the three year history of this litigation, they have argued that the reasons for their termination were a pre-text for retaliation against them for filing EEOC complaints in light of their intimate knowledge of wide-ranging improprieties at Juvenile Court. Plaintiffs' allegations are not determinative of the scope of relevant discovery. During the litigation there has been significant motion practice. The Court must look to the remaining claims and defenses. The Title VII claims for retaliatory discharge are "grounded on gender discrimination and harassment. . . ." Rec. doc. 384 at 2 (quoting Rec. doc. 353 at 14). They are not grounded on plaintiffs' alleged knowledge of improprieties at Juvenile Court. Moreover, the plaintiffs failed to exhaust their administrative remedies as to claims for retaliatory discharge based on these allegations.

IT IS ORDERD that plaintiffs' motion to compel (Rec. doc. 399) is DENIED.

New Orleans, Louisiana, this 26th day of February, 2014.

_____
SALLY SHUSHAN
U.S. Magistrate Judge