UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMMY GRIFFITH & STACEY GUICHARD | CIVIL ACTION |
| VERSUS | NO: 11-245 C/W 11-535 |
| CITY OF NEW ORLEANS, ET AL. | SECTION: "A" (1) |

### ORDER AND REASONS
### [REF: All cases]

The following motion is before the Court: **Motion to Review/Objection to Magistrate Judge's Ruling and Motion for Attorney's Fees/Costs (Rec. Doc. 412)** filed by plaintiffs Tammy Griffith and Stacey Guichard. The State of Louisiana and Orleans Parish Juvenile Court ("OPJC") oppose the motion. The motion, scheduled for submission on April 9, 2014, is before the Court on the briefs without oral argument.

On February 26, 2014, the assigned magistrate judge denied Plaintiffs' motion to compel (Rec. Docs. 399 & 412). Plaintiffs sought to compel production of documents pertaining to an auto body Youth Works program that began during David Bell's tenure as chief judge of OPJC. David Honore was an employee of the program. The magistrate judge described the three requests that were the subject of the motion as seeking: 1) cancelled checks for all stipends paid to juveniles in the program for January 2008 through December 2010; 2) time sheets for the program for the same period;, and 3) David Honore's cashed payroll checks for the term of his employment with OPJC. (Rec. Doc. 412 at 1). After noting that the only issue was relevancy, the magistrate judge denied the motion to compel in light of the nature of the substantive causes of action being asserted. (*Id.* at 3). The magistrate judge added as an aside that Plaintiffs had failed to exhaust their administrative remedies as

1

to any claims for retaliation grounded on alleged improprieties at OPJC. (*Id.*).

The Court begins with the issue of exhaustion because the parties have devoted an inordinate amount of briefing to this issue. The question of exhaustion *vel non* is irrelevant to the discovery being sought because Plaintiffs' retaliation claims are brought under Title VII.[1] Title VII prohibits workplace discrimination based on race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-2(a)(1)-(2). Title VII also prohibits discrimination or retaliation against an employee who has opposed *any employment practice made unlawful by Title VII*, including filing a formal charge under Title VII. 42 U.S.C. § 2000e-3(a). Thus, the first element of a prima facie case of Title VII retaliation requires the plaintiff to show that she engaged *in activity protected by Title VII. Willis v. Cleco Corp.*, No. 13-30217, 2014 WL 1379103 (5th Cir. Apr. 8, 2014). To the extent that Plaintiffs herein claim that they were retaliated against because they filed sex discrimination charges with the EEOC, or engaged in any of the investigatory conduct covered by 42 U.S.C. § 2000e-3(a), those claims are clearly actionable under Title VII, and no party has ever contended that those claims were not properly exhausted.

But Title VII is not a whistleblowing statute. Title VII does not protect a party who reports alleged malfeasance in a workplace when that malfeasance is not an employment practice prohibited under the statutory scheme. The EEOC does not investigate claims of workplace improprieties not related to a class protected by Title VII. Therefore, a plaintiff is not required to exhaust with the EEOC a claim of retaliation based on attempts to expose workplace malfeasance. In short, Title VII is not concerned with retaliation based on non-

---

[1] As the Court has previously explained, the sole claims remaining in this case are Title VII gender discrimination claims for retaliatory discharge, constructive discharge, and hostile work environment against the State/OPJC, and a § 1983 claim against David Bell in his individual capacity. (Rec. Docs. 353 at 14; 384).

protected activity and attempts to expose non-discrimination-based malfeasance related to youth programs at the OPJC. The issue of exhaustion with the EEOC is therefore irrelevant to the question of whether Plaintiffs are entitled to the discovery that they seek.

The Court turns its attention to the issue of relevancy. Again, the claims in this case are grounded in gender-based discrimination. The discovery that Plaintiffs seek pertaining to the auto body program and David Honore is not directly related to gender discrimination but Plaintiffs suggest that they were implicated in irregularities as to the auto body program and other suspect activities only after they filed EEOC charges of discrimination. (Rec. Doc. 412, Memo in Support at 10). Plaintiffs contend that the discovery they seek is relevant to the credibility of the OPJC judges, all of whom will be witnesses at trial.

As the Court explained during the March 13, 2014 status conference, the OPJC and its judges are not on trial for malfeasance. The OPJC will be on trial for Title VII violations, and because the OPJC can only act through its member judges, the ability to challenge their credibility as witnesses is important. But the Court has no intention of conducting mini-trials on issues completely unrelated to Title VII discrimination under the guise of challenging witness credibility. Plaintiffs can effectively challenge as pretext whatever non-discriminatory reason OPJC offers for a Title VII adverse employment action, without conducting a trial on the merits of any claimed improprieties. That said, the evidence sought would not be admissible at trial and the Court cannot discern how it would lead to the discovery of admissible evidence. *See* Fed. R. Civ. Pro. 26(b)(1). The magistrate judge's ruling was not clearly erroneous or contrary to law. Fed. R. Civ. Pro. 72(a); 28 U.S.C. § 636(b)(1)(A).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Review/Objection to Magistrate**

**Judge's Ruling and Motion for Attorney's Fees/Costs (Rec. Doc. 412)** filed by plaintiffs Tammy Griffith and Stacey Guichard is **DENIED**.

May 6, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE