UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMMY GRIFFITH & STACEY GUICHARD | CIVIL ACTION |
| VERSUS | NO: 11-245 C/W 11-535 |
| CITY OF NEW ORLEANS, ET AL. | SECTION: "A" (1) |

## ORDER AND REASONS
### [REF: All cases]

The following motions in limine are before the Court: **Motion in Limine (1) Exclude Character Evidence (Rec. Doc. 460)**, **Motion in Limine (2) Judicial Notice (Rec. Doc. 461)**, and **Motion for Sanctions (Rec. Doc. 488)** filed by plaintiffs Tammy Griffith and Stacey Guichard. The motions are opposed and are before the Court on the briefs without oral argument.[1]

This case arises out of allegations of gender-based discrimination and harassment by former Orleans Parish Juvenile Court ("OPJC") Judge David Bell, and other alleged retaliatory conduct by the other judges on the court. A jury trial in this case is scheduled to commence on November 3, 2014.

**Motion in Limine (1) Exclude Character Evidence (Rec. Doc. 460)**

DENIED.

Via this motion plaintiff Stacey Guichard seeks to exclude any evidence of a relationship that she had with a former OPJC employee named Sean Johnson. Guichard contends that

---

[1] The Motion for Sanctions is noticed for submission on September 24, 2014. The Court has elected to take up the motion at this time prior to receiving an opposition.

1

Defendants seek to use evidence of this past relationship as character evidence in violation of Federal Rule of Evidence 404. According to Guichard, this past relationship is not relevant to any pending causes of action.

Guichard does not make a persuasive argument grounded on Rule 404, which is not implicated by evidence pertaining to a past relationship with Johnson. The precise issue is relevance. Although Plaintiff does not describe Mr. Johnson's exact role at the OPJC, the Court surmises from the opposition memoranda that Johnson is "the process server boyfriend" that Guichard herself referred to several times in pleading her own case.[2] (Rec. Doc. 354, SAC ¶¶ 38, 87-90). The relationship with Johnson is alleged to have been a violation of the OPJC's personnel policies and whether or not that is the case, it is the Court's understanding that the judges of the OPJC were considering discipline, including termination, against Guichard for that relationship. In fact, the issue of disciplining Guichard for the alleged infraction was mentioned by one of the other OPJC judges who testified before the Judiciary Commission.

In this lawsuit, Guichard is claiming retaliatory constructive discharge and she complains about having been denied a promotion to the judicial administrator's position. The Court is not persuaded that the past relationship with Johnson, which might have been conducted in violation of court policy, is irrelevant to the Defendants' defenses in this matter.

**Motion in Limine (2) Judicial Notice (Rec. Doc. 461)**

DENIED.

---

[2] Because Guichard provided no explanation to the Court regarding Johnson, the Court assumes that he is *not* the employee with whom Guichard had been living when she was hired as clerk of court. (See Rec. Doc. 483, Bell's Oppo at 2 n.1, discussing Keith Claiborne). In other words, there are two former process servers in Guichard's past. If the Court has mistaken Johnson for "the process server boyfriend" referenced in the complaint then this is attributable to Guichard's uncharacteristic lack of detail in her motion in limine.

Via this motion Plaintiffs ask the Court to take judicial notice of sealed document 67-2, which is the Judiciary Commission's June 2, 2010 Recommendation to the Louisiana Supreme Court regarding Bell's disqualification. On July 19, 2011, the former district judge ordered the document placed under seal. Plaintiffs want this Court to lift the seal, make the document public, and to take judicial notice of it.

The JC's Recommendation has also spawned two other related motions: Bell's Motion in Limine to exclude any evidence of the Recommendation (Rec. Doc. 490), which is not currently before the Court, and Plaintiffs' Motion for Sanctions (Rec. Doc. 488).

Federal Rule of Evidence 201 allows a court to judicially notice an adjudicative "fact" that is not subject to reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial court, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(1)-(2). The court must take judicial notice if a party requests it and the court is supplied with the necessary information. *Id.* 201(c). In a civil jury case, the court must instruct the jury to accept the fact as conclusive. *Id.* 201(f).

Contrary to Plaintiffs' assertion, the 18 page Recommendation and the related Louisiana Supreme Court opinions are not appropriate for judicial notice simply because they are relevant to this proceeding or publically available. Rule 201 deals in "facts" not "subjects." (Rec. Doc. 461-1, Plaintiffs' Memo at 1). These documents do not constitute "facts," much less undisputed ones, and therefore do not satisfy Rule 201's requirements. Moreover, the law in this circuit recognizes that a court generally cannot take notice of the findings of fact from other proceedings. *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998).

The important issue surrounding the Recommendation and the Supreme Court rulings is their admissibility *vel non* as trial exhibits, not whether notice is appropriate. The

admissibility issue has been raised by Bell in his motion in limine. Out of fairness, the Court will not enter a final ruling as to admissibility until Plaintiffs have had the opportunity to file their opposition.

The admissibility issue is not affected one way or the other by the fact that the former district judge placed the Recommendation under seal over three years ago. If the document is in fact already publically available then anyone who has an interest in obtaining a copy can request one from the appropriate state authority. The seal order in this case affects nothing and the Court sees no reason to disturb it now.

**Motion for Sanctions (Rec. Doc. 488)**

DENIED.

The Court will not sanction Bell's counsel regarding assertions about the nature of the Recommendation, *i.e.*, whether it remains confidential, and about the date that Bell resigned from office. Whether the Recommendation is or is not confidential, and whether Bell resigned from office on June 15, 2010 versus June 17, 2010—two days later—are not material facts in this case. To the extent that Plaintiffs believe otherwise, the Court warns Plaintiffs that they must prove their *federal* claims to a *federal* jury in this Court. That the Judiciary Commission has already heard much of the evidence and found it credible for purposes of recommending disqualification does not lessen Plaintiffs' burden of proof in this Court.

September 12, 2014

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

4