UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMMY GRIFFITH & STACEY GUICHARD | CIVIL ACTION |
| VERSUS | NO: 11-245 C/W 11-535 |
| CITY OF NEW ORLEANS, ET AL. | SECTION: "A" (1) |

**ORDER AND REASONS**
**[REF: All cases]**

The following motions are before the Court: **Motion to Set Status Conference Regarding Pretrial Order (Rec. Doc. 536); Motion to File Reply (Rec. Doc. 539); Motion to Strike (Rec. Doc. 540)** filed by plaintiffs Tammy Griffith and Stacey Guichard.

The Court offers the following background in order to put the motions sub judice in context:

On September 26, 2014, the parties filed their proposed pretrial order (Rec. Doc. 517) in anticipation of the September 30, 2014 pretrial conference. The document was not signed by any of the counsel of record but the Court anticipated that a hardcopy would be signed at the pretrial conference when all counsel were present. The Court was not aware that any party found this version of the pretrial order objectionable or that any party would have balked at signing it.[1]

---

[1] Plaintiffs' counsel advises that perhaps there was an issue with the original pretrial order as filed (Rec. Doc. 536-1 at 1 n.1) but that was not the Court's appreciation of the situation during the pretrial conference.

1

At the September 30, 2014 pretrial conference, counsel for Bell raised an issue unrelated to the pretrial order. Bell's counsel (joined by counsel for OPJC) expressed concerns because of good faith factual errors or mistakes made in responding to Plaintiffs' motion for summary judgment (Rec. Docs. 466 & 485). Because this motion for summary judgment had already been denied (Rec. Doc. 512), the issue was really a moot one. But it was the Court's understanding that the errors and/or mistakes referred to were those of counsel, and counsel did not want to leave the record uncorrected. Bell's counsel, expressing concerns about leaving the erroneous opposition in the record unchecked, orally sought leave to amend the now moot opposition memorandum. Plaintiffs' counsel objected to what she clearly perceived to be an attempt by Bell to correct inconsistencies in his prior statements so as to avoid having to answer for those inconsistencies during trial where his credibility would be tested. The Court did not discern this insidious motive because Bell's own statements, whether via deposition or affidavit, would not be changed and these would remain fodder for impeachment. Nonetheless, to alleviate the legitimate concerns of both sides, the Court suggested that Bell's counsel simply add the corrections to the pretrial order as contested issues of fact, and submit the new pretrial order by October 10, 2014. (Rec. Doc. 534). In compliance with this directive, the amended proposed pretrial order (Rec. Doc. 538) that Bell and OPJC filed on October 10, 2014, without Plaintiffs' concurrence, adds new contested issues of fact 34 & 35 with an explanatory footnote.

In reviewing Bell's new contested issues of fact 34 & 35, the Court discovered that they did not pertain to the date when Bell actually resigned from the bench. The Court was under the impression that the mistakes that Bell wanted to correct in the now moot opposition pertained to the date that Bell resigned from the bench. From the email chain

attached to Bell's recent opposition memorandum (Rec. Doc. 537), it is apparent that Plaintiffs' counsel also had the same understanding of the corrections that Bell wanted to make. In fact, the specific objection that Plaintiffs' counsel raised at the pretrial conference pertained to Bell's resignation date and whether he should be allowed to correct any prior inconsistent statements rather than face impeachment with them at trial.

Trial is less than three weeks away and there is no joint pretrial order in place. This case will <u>not</u> be tried without a properly submitted joint pretrial order. Defendants' amended pretrial order complies with the Court's instructions. But the recent filings and their attachments suggest that Plaintiffs' counsel will not sign a pretrial order that lists the undisputed date of Bell's resignation from OPJC as an uncontested fact, even though it is exactly that.[2] The significance or lack thereof that Plaintiffs attach to Bell's decision to resign, and Plaintiffs' goal to attack Bell's credibility based on his own erroneous assertions as to the date of his resignation, do not change what is clearly an uncontested fact into a contested one.

For the foregoing reasons, **IT IS ORDERED** that the **Motion to Set Status Conference Regarding Pretrial Order (Rec. Doc. 536) is DENIED**. The **Motion to Strike (Rec. Doc. 540)** filed by plaintiffs Tammy Griffith and Stacey Guichard is **GRANTED**. Plaintiffs' **Motion to File Reply (Rec. Doc. 539) is GRANTED**.

Now that all counsel have the benefit of the Court's position in this matter, a joint

---

[2] The Court notes that Plaintiffs' own uncontested material fact 200 in their recent motion for summary judgment states: "On June 17, 2010, Bell 'resigned' from the Bench." (Rec. Doc. 466-3 at 20). Meanwhile the statement that Plaintiffs object to in the proposed pretrial order states: "Judge Bell resigned from the bench on or about June 17, 2010." (Rec. Doc. 538 at 27). If Plaintiffs' point of contention is the "or about" verbiage in the current proposed fact 7 then the Court agrees that it should be removed from the statement. Bell either resigned *on* June 17, 2010, or he didn't. The added legaleze is not helpful.

pretrial order signed by all counsel shall be filed into the record by **3:00 p.m. on Friday, October 17, 2014**. If the signed joint pretrial order is not filed timely in accordance with this Order then the current trial date will be removed from the calendar.

October 14, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE