UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMMY GRIFFITH & STACEY GUICHARD | CIVIL ACTION |
| VERSUS | NO: 11-245 C/W 11-535 |
| CITY OF NEW ORLEANS, ET AL. | SECTION: "A" (1) |

### ORDER AND REASONS
[REF: All cases]

Plaintiffs Tammy Griffith and Stacey Guichard have filed a **Motion to Disqualify (28 U.S.C. § 455; 28 U.S.C. § 144) (Rec. Doc. 563)** seeking to have the Court disqualify itself from this matter on two grounds. First, that the Court's impartiality might reasonably be questioned because it reversed the magistrate judge's ruling pertaining to defendant Bell's medical records. And second, that the Court failed to disclose that Ms. Shelley Aucoin, the Court's former daughter-in-law, is a lawyer with the State of Louisiana Attorney General's Office, thereby triggering mandatory disqualification.

Title 28, § 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Title 28, § 455 states in relevant part:

1

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> He shall also disqualify himself in the following circumstances:
>
>> He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>>
>>> Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding

28 U.S.C. § 455(a), (b)(5)(iii).

Under both § 455 and § 144, the party seeking disqualification must present *facts* tending to show that disqualification is appropriate. *Hoover v. Lindsey*, No. 01-2926, 2002 WL 31246745, at *1 (E.D. La. Oct. 4, 2002). The standard for judicial disqualification under § 455 is whether a reasonable person, with full knowledge of all the circumstances, would harbor doubts about the judge's impartiality. *Lyon v. Wise Carter Child & Caraway*, No. 10-185, 2013 WL 139335, at *1 (S. D. Miss. Jan. 10, 2013) (quoting *Matassarin v. Lynch*, 174 F.3d 549, 571 (5th Cir. 1999)). The standard for bias is an objective one "with reference to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person that the objective standard is currently established." *Id.* (quoting *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003)). The facts and reasons set out in the § 144 affidavit "must give fair support to the charge of a bent mind that may prevent or impede impartiality of judgment." *Id.* (quoting *Parrish v. Bd. of Comm'rs*, 524 F.2d 98, 100 (5th Cir. 1975)). Those facts must be material, stated with particularity, show that the bias is personal rather than judicial in nature, and if true, would convince a reasonable person that bias exists." *Id.* (citing *United States v. Merkt*, 794 F.2d 950, 960 n.9 (5th Cir. 1986)). Like a motion for disqualification filed under § 455, motions pursuant to § 144 are resolved "by applying the

reasonable man standard to the facts and reasons stated in the affidavit." *Id.* (citing *Parish*, 524 F.2d at 100).

Further, it is well-established that adverse judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Id.* (quoting *Andrade*, 338 F.3d at 455); *Dantzler v. Tangipahoa Parish Sch. Bd.*, No. 05-147, 2005 WL 1501420 (E. D. La. June 20, 2005). And a federal judge's duty to preside where not disqualified is equally as strong as the duty not to sit where disqualified. *Lyon*, 2013 WL 139335, at *2 (quoting *Sensley v. Albritton*, 385 F.3d 591, 598-99 (5th Cir. 2004)).

Finally, the challenged judge is not required to transfer a disqualification motion to another judge for decision. *Dantzler*, 2005 WL 1501420, at *1 (citing *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir. 1982)). The challenged judge is most familiar with the alleged bias or conflict of interest, and is therefore in the best position to protect the nonmoving parties from dilatory tactics. *Id.* On the other hand, if the procedural requirements for § 144 are satisfied, then the presiding judge cannot pass on the truth of the matters alleged. *Davis v. Bd. of School Commr's*, 517 F.2d 1044, 1051 (5th Cir. 1975) (citing *Berger v. United States*, 255 U.S. 22 (1921); *United States v. Roca-Alvarez*, 451 F.2d 843 (5th Cir. 1971); *United States v. Townsend*, 478 F.2d 1072 (3rd Cir. 1973)).

### Disqualification Based on Bell's Medical Records

The motion is DENIED as to this ground for disqualification under both § 144 and § 455. Section 144 requires a *timely* motion to disqualify. The oral hearing on Bell's motion challenging the magistrate judge's ruling took place on August 26, 2014, at which time the Court ruled from the bench with oral reasons. (Rec. Doc. 462). Plaintiffs do not deny that they knew at that time of the oral hearing that the Court had been provided a copy of the medical records at issue. On September 30, 2014, the Court denied Plaintiffs' motion for written reasons referring Plaintiffs' counsel to its reasons given in open court. (Rec. Docs. 516 & 534).

Plaintiffs nonetheless waited until October 26, 2014, which is not only one week before trial is scheduled to start but is also *after* the Court issued rulings on numerous motions in limine that are adverse to Plaintiffs. The timing of the § 144 disqualification motion vis à vis Bell's records and the lack of any facts to support a personal bias by the Court in favor of Bell demonstrates that Plaintiffs' complaints related to Bell's medical records are strictly judicial in nature, not personal. The affidavit that Griffith submitted in support of § 144 disqualification with respect to Bell's medical records is therefore legally insufficient.

With respect to § 455, Plaintiffs have failed to demonstrate that the Court's impartiality might reasonably be questioned. Bell specifically indicated in his memorandum in support of his motion challenging the magistrate's ruling that a copy of the medical records would be provided to the Court. (Rec. Doc. 439-1 at 8 n.23). A copy of the records was delivered to chambers on July 7, 2014, and the transmittal letter indicates a copy to Plaintiffs' counsel. (See Attachment). The Court never had reason to believe that Plaintiffs' counsel was not copied on the transmittal as indicated, but Bell's opposition filed today indicates that through inadvertence that did not occur. (Rec. Doc. 570). Again, during the oral hearing it was clear that the Court had in its possession an in camera copy of the medical records, and Plaintiffs never questioned how the Court obtained that copy because common sense would clearly suggest that Bell's counsel provided the copy to the Court at some point.

In their reply memorandum (Rec. Doc. 571), Plaintiffs dispute Bell's contentions of inadvertence but that dispute is not material to whether this Court's impartiality might reasonably be questioned. The Court was always under the impression that Plaintiffs had been copied on Bell's transmittal letter, and therefore the Court did not appreciate Plaintiffs' motion for written reasons as suggesting otherwise. Again, Plaintiffs never raised the issue at the oral hearing or at the pretrial conference—the most obvious times to do so. Plaintiffs' sole basis for questioning the Court's impartiality is their disagreement with the ruling regarding the medical

records but this cannot provide a basis for recusal. Plaintiffs' suggestion that something invidious must have occurred because Bell provided the Court an in camera copy of the records in the absence of an express order to do so is not only baseless, but assumes that Bell's counsel would have been foolish enough to seek a reversal of the magistrate judge's ruling without providing the Court a copy of the documents that formed the basis of the appeal.

### *Disqualification Based Undisclosed Relationship*

According to plaintiff Tammy Griffith's affidavit, Ms. Shelly Aucoin Zainey is employed with the State Attorney General's Office. The Attorney General also represents Barbara Edin of the Judiciary Commission. Ms. Edin is the person that Plaintiffs contacted at the Judiciary Commission to report David Bell's conduct. Griffith complains that the Court has repeatedly ruled on material evidentiary matters that involve Barbara Edin and the Judiciary Commission, who are again represented by the Attorney General's Office. The Court never disclosed that its daughter-in-law works at the Attorney General's Office. (Rec. Doc. 563-2).

Plaintiffs clearly allege a personal as opposed to judicial bias on the part of the Court in light of Ms. Aucoin's employment with the State Attorney General's Office.[1] Because Plaintiffs have invoked § 144, the Court must accept the facts alleged in Plaintiffs' affidavit as true even where the Court has personal knowledge to the contrary.[2] *Danielson v. Winnfield Funeral Home*, 634 F,. Supp. 1110, 1112-13 (E.D. La. 1986). But the mere filing of a § 144 motion and affidavit does not mandate recusal. *Id.* A motion to recuse must be strictly construed for form, timeliness, and sufficiency in order to guard against the danger of frivolous attacks on the orderly process of justice. *Id.* The determination of the legal sufficiency of the affidavit is a

---

[1] Plaintiffs actually do claim judicial bias but that is not a legally sufficient basis to support disqualification.

[2] So for instance, the Court must ignore the factual inaccuracy behind the statement that its daughter-in-law works at the Attorney General's office. In fact, the Court's son's brief marriage to Ms. Aucoin ended in a final judgment of divorce on July 8, 2013.

matter addressed to the sound discretion of the trial court . *Id.* An analysis of the sufficiency of the affidavit must begin from the proposition that the trial judge is presumed to be impartial and to have sufficient integrity to conduct an error free trial. *United States v. Smith*, No.95-153, 1995 WL 555578, at *2 (E.D. La. Sept. 19, 1995). The burden on the mover to show that the facts are otherwise is "substantial." *Id.* (citing *Danielson*, 634 F. Supp. at 1114). To be legally sufficient, the affidavit must meet, among other requirements, the following test: 1) the facts must be material and stated with particularity, 2) the facts must be such that, if true they would convince a reasonable person that a bias exists, and 3) the facts must show that the bias if personal, as opposed to judicial, in nature. *Smith*, 1995 WL 555578, at *3 (citing *United States v. Miranne*, 688 F.2d 980, 985 (5th Cir. 1982)).

The Court is persuaded that the affidavit fails to present a legally sufficient basis for disqualification because the facts taken as true would not convince a reasonable person that a personal bias exists because of Ms. Aucoin's employment with the State Attorney General's Office. As far as Bell is concerned, he faces personal liability and he is represented by private attorneys who are not affiliated with the State Attorney General's Office.

The assertions with respect to the OPJC/State are even less convincing when one considers that it was **this Court** that reinstated the claims against the OPJC/State long after those claims had been dismissed by a prior judge. No reasonable person would be convinced that the same judge that brought the OPJC/State back into the case (over the vigorous protests of that party) did so because it was biased in favor of that party.

Further, the assertion that Ms. Aucoin has an interest that could be "substantially affected" by the outcome of this case, whether with respect to the outcome against the OPJC/State or Barbara Edin's status as a witness, is bereft of factual support or any cogent explanation for that assertion in light of the clear law in this area. The State Attorney General's Office is not a private law firm but rather represents a sovereign similar to the situation where

a judge's child is employed by the United States Attorney's Office in the district. The judge need not recuse himself from cases involving the Government provided the child does not appear in, nor perform work on, any cases assigned to the judge. *United States v. Edwards*, 39 F. Supp. 2d 692, 715 (M.D. La. 1999); *see also* Committee on Codes of Conduct Advisory Op. No. 38. An appearance of impropriety does not arise merely because the child is employed by the same governmental attorney's office that appears before the judge.

In this case there is no allegation that Ms. Aucoin has been involved in this litigation in any manner whatsoever, or that she even works in the same geographic location as the attorneys who have appeared on behalf of the Judiciary Commission or the OPJC/State. Plaintiffs' affidavit is legally insufficient to support disqualification based on Ms. Aucoin's employment with the State Attorney General's Office, even accepting the factual errors in the affidavit as true. Plaintiffs are making a blatant attempt to circumvent the preclusion on disqualification for judicial bias (in light of their disagreement with the Court's recent adverse evidentiary rulings) but they are relying on a legally frivolous basis to do so. The motion to disqualify is therefore DENIED in all respects.

October 28, 2014

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE